IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LISA MCCOY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 306-101 |
| | ) |
| KEVIN ROBERTS, Warden, Metro State Prison, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On November 11, 2004, Petitioner was convicted of two (2) counts of aggravated child molestation, two (2) counts of child molestation, and one (1) count of statutory rape after a three-day jury trial in the Superior Court of Laurens County, Georgia. (Doc. no. 12, Ex. 1, pp. 6-7). Petitioner was sentenced twenty-two (22) years of imprisonment, followed by eight (8) years of probation. (Id. at 7).

Petitioner then appealed her conviction in the Court of Appeals of Georgia. McCoy v. State, 629 S.E.2d 493 (Ga. App. 2006). On appeal, Petitioner argued that: (1) the

evidence was insufficient to sustain her convictions; (2) the trial court erred by admitting similar transactions evidence; (3) the trial court erred by admitting expert witness testimony regarding "child sexual abuse syndrome"; and (4) she received ineffective assistance of trial counsel because her trial counsel failed to (a) move for a directed verdict as to the statutory rape charge, (b) request a curative instruction following a comment made by a prospective juror during jury selection, (c) call or sufficiently investigate certain witnesses, and (d) become sufficiently prepared for trial. Id. at 495-96. Affirming Petitioner's convictions, the Court of Appeals of Georgia held, *inter alia*, that: (1) the evidence was sufficient to convict Petitioner; (2) the trial court did not abuse its discretion in admitting the similar transactions evidence; (3) the trial court did not err in permitting the expert witness to testify regarding "child sexual abuse syndrome"; and (4) Petitioner did not receive ineffective assistance of trial counsel. Id. at 495-97. Petitioner did not seek further direct review in the Supreme Court of Georgia or file a state petition for a writ of habeas corpus. (See doc. no. 6, pp. 2-3).

In the above-captioned federal petition for a writ of habeas corpus,[1] Petitioner asserts the following claims: (1) the evidence was insufficient to sustain her convictions ("Ground One"); (2) the trial court erred by admitting similar transactions evidence ("Ground Two"); (3) the trial court erred by admitting expert witness testimony regarding "child sexual abuse

---

[1]On April 16, 2007, the Court ordered that Respondent answer in writing to the allegations set forth in the above-captioned petition within sixty (60) days after service of that Order. (Doc. no. 9, pp. 1-2). Furthermore, the Court directed the parties to submit to the Court their respective briefs of law within the same sixty-day period. (Id. at 2). Although Respondent timely filed his Answer and supporting brief (doc. nos. 10 & 11), Petitioner did not file a brief of law in support of the above-captioned petition. Therefore, the Court's consideration of Petitioner's claims for relief is limited to an examination of the grounds for relief and supporting facts contained in the above-captioned petition.

2

syndrome" ("Ground Three"); and (4) she received ineffective assistance of trial counsel because her trial counsel failed to (a) move for a directed verdict as to the statutory rape charge, (b) request a curative instruction following a comment made by a prospective juror during jury selection, (c) call or sufficiently investigate certain witnesses, and (d) become sufficiently prepared for trial ("Ground Four"). (Id. at 4-5). Respondent argues that Grounds One and Four are without merit and that Grounds Two and Three fail to state claims for relief in federal habeas corpus. (Doc. no. 11, pp. 5-10).

Before turning to the merits of the instant petition, the Court will explain the applicable standard of review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

3

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state[-]court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state[-]court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state-court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state[-]court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state-court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state[-]courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. __, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state-court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of

the pertinent facts is correct is not sufficient to carry the burden of showing that a state-court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state-court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

### III. DISCUSSION

**A.    The Trial Evidence was Sufficient to Sustain Petitioner's Convictions**

Petitioner argues in Ground One that the evidence presented at trial was insufficient to sustain her convictions. (Doc. no. 6, p. 4). Respondent counters that the Court of Appeals of Georgia found that the evidence presented at trial was constitutionally sufficient under Jackson v. Virginia, 443 U.S. 307 (1979)[2] to sustain Petitioner's convictions and urges that the Court defer to the ruling of the Court of Appeals of Georgia. (Doc. no. 11, pp. 5-6). Applying Jackson, the Court of Appeals of Georgia reasoned:

> [Petitioner] contends that the evidence was insufficient to sustain her convictions. We disagree.
>
> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond

---

[2] In Jackson, the Supreme Court explained, *inter alia*, "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether *it* believes the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 318-19 (internal citations omitted).

5

> a reasonable doubt. The testimony of the four children, which described the offenses committed by [Petitioner] against them in violation of OCGA §§ 16-6-4 (child molestation and aggravated child molestation) and 16-6-3 (statutory rape), was sufficient to convict her under the standard established by Jackson.

McCoy, 629 S.E.2d at 495 (internal citations omitted).

Here, Petitioner simply recycles her general appellate argument that the evidence presented at trial was insufficient to sustain her convictions. (Doc. no. 6, p. 4). However, Petitioner fails to explain how the contrary conclusion of the Court of Appeals of Georgia was an unreasonable application of Jackson. On direct appeal, the appellate court has a duty to view the evidence in the light most favorable to the verdict. Contrary to Petitioner's apparent view, a conviction based on the testimony of the victims, which described the offenses committed by Petitioner, is not unconstitutional. Simply put, Petitioner's arguments cast no doubt upon the conclusion of the Court of Appeals of Georgia. Therefore, Petitioner is not entitled to federal habeas corpus relief based upon Ground One, which challenges the sufficiency of the evidence supporting her convictions.

**B.     Grounds Two and Three Fail to State Claims for Federal Habeas Relief**

Petitioner argues in Grounds Two and Three that the trial court erred by admitting similar transactions evidence and by admitting expert witness testimony regarding "child sexual abuse syndrome." (Doc. no. 6, pp. 4-5). Respondent counters (doc. no. 11, pp. 6-7), and the Court agrees, that Grounds Two and Three fail to state claims for federal habeas relief. Although the admission of similar transactions or expert witness evidence may violate Georgia law or rules of evidence

in certain situations,³ the Court need not address either of these Grounds in detail; it suffices to say that a federal court may entertain a federal petition for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). Unless the violations raise federal constitutional issues, a federal court will not concern itself with a state's interpretation of its own laws and rules; such matters are state concerns. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992). Simply put, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state-court has erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (*per curiam*) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)). Therefore, Grounds Two and Three, which present claims based on the admission of similar transactions and expert witness evidence at Petitioner's state-court trial, are not cognizable in a federal habeas proceeding and cannot form the basis for federal habeas corpus relief. See Estelle, 502 U.S. at 68-69 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

---

³Addressing the merits of Ground Two, the Court of Appeals of Georgia explained, *inter alia*, in order to admit similar transactions evidence, the State must: (1) identify a proper purpose for admitting the transactions; (2) show that the accused committed the separate offense; and (3) show a sufficient similarity between the offenses. Id. at 495 (citing Williams v. State, 409 S.E.2d 649 (Ga. 1991)). Furthermore, addressing Ground Three, the Court of Appeals of Georgia explained, "Georgia courts . . . have long allowed testimony regarding child sexual abuse syndrome." Id. (citing Allison v. State, 353 S.E.2d 805 (Ga. 1987)). Examining the evidence, the Court of Appeals of Georgia held that the trial court did not abuse its discretion by admitting the similar transactions evidence and that the trial court did not err in permitting the expert witness to testify. Id. at 496.

C.   **Petitioner Received Effective Assistance of Trial Counsel**

Petitioner argues in Ground Four that her trial counsel was ineffective for failing to: (1) move for a directed verdict as to the statutory rape charge, (2) request a curative instruction following a comment made by a prospective juror during jury selection, (3) call or sufficiently investigate certain witnesses, and (4) become sufficiently prepared for trial. (Doc. no. 6, p. 5). As the Court of Appeals of Georgia correctly explained, ineffective assistance of counsel claims are evaluated under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).[4] McCoy, 629 S.E.2d at 496. However, the facts of Strickland are dissimilar from those presented in this case. Because it cannot be said that the result reached by the Court of Appeals of Georgia was contrary to clearly established federal law, the Court will focus its attention on whether the Court of Appeals of Georgia unreasonably applied Strickland to the facts of this case. Rompilla v. Beard, 545 U.S. 374, 380 (2005); see also Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied

---

[4]Before addressing Petitioner's ineffective assistance of counsel claims, the Court of Appeals of Georgia cited Vanholten v. State, 610 S.E.2d 555 (Ga. App. 2005) (quoting Turner v. State, 560 S.E.2d 539 (Ga. App. 2002)), a case in which that court articulated and applied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984): "To succeed on [an ineffective assistance of counsel claim, the claimant] must demonstrate that his [or her] attorney's performance was deficient and that the deficiency prejudiced his [or her] defense. We need not address both prongs of this test if the showing on one prong is insufficient, nor must we address them in any particular order."

8

Strickland incorrectly. Rather, [the petitioner] must show that the [state-court] applied Strickland to the facts of his [or her] case in an objectively unreasonable manner." (internal citations omitted)).

Under the first prong of the Strickland standard, Petitioner must show that her counsel's performance was deficient in that it fell below an "objective standard of reasonableness" considering all the circumstances at the time of counsel's conduct. Strickland, 466 U.S. at 687-92. Nevertheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Indeed, the Court must determine whether counsel's performance was within "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

In this regard, there is a strong presumption that counsel provided "reasonable professional assistance." Id. at 689; see also Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001) ("A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."). For example, decisions concerning which witnesses to interview, as well as which motions to make, are strategic decisions which are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206,

1217 (11th Cir. 2001) (citation omitted). Indeed, as the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). Consequently, "[u]nder those rules and presumptions, 'cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Id. at 1511 (quoting Rogers v. Zant, 13 F.3d 384, 396 (11th Cir. 1994)).

However, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the second prong of Strickland, the Court must determine whether the deficient performance actually prejudiced Petitioner's case. To satisfy the prejudice prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Strickland, 466 U.S. at 694-95. As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an

infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

In conjunction with these basic principles concerning ineffective assistance of counsel claims, the Court must also consider the facts underlying Petitioner's conviction, which are set forth in the decision of the Court of Appeals of Georgia, and pursuant to § 2254(e)(1), are presumed to be correct. Viewing the facts in a light most favorable to the verdict, the Court of Appeals of Georgia determined:

> [F]rom the time that the victims were as young as five or six years old, [Petitioner] periodically abused them sexually by, among other things, touching their genitals, performing oral sex on them, and having sexual intercourse with them. [Petitioner] performed similar acts on a fourth child, W.H., who was not a named victim in the indictment, but who testified as to the abuse at trial. The abuse of all four children occurred in the family home and continued until the children were placed into foster care as a result of neglect and unsanitary living conditions. Over a year after being placed in foster care, the victims told their foster mother of the abuse they suffered under [Petitioner].

McCoy, 629 S.E.2d at 495. As previously noted, the Court of Appeals of Georgia observed, based upon the above facts, "The testimony of the four children, which described the offenses committed by [Petitioner] against them . . . was sufficient to convict her . . . ." Id. With these basic principles and facts in mind, the Court now turns its attention to the substance of Petitioner's ineffective assistance of counsel claims.

1.  **Failure to Move for a Directed Verdict**

First, the Court addresses Petitioner's claim that her trial counsel failed to move for a directed verdict as to the statutory rape count of the indictment. Petitioner contends that her trial counsel should have moved for a directed verdict on this charge because "the state failed to prove venue." (Doc. no. 6, p. 5). At Petitioner's state-court trial, Anthony Matthew Holland, Petitioner's son and the named-victim in the statutory rape count of the indictment, testified that, while living in Laurens County, Georgia, Petitioner "made [him] vaginally penetrate her . . . ." (Doc. no. 12, Ex. 2, pp. 142-44). Rejecting Petitioner's claim, the Court of Appeals of Georgia explained,

> The record shows, however, that the statutory rape occurred in the family home in Dublin, and the State previously established that the family's Dublin home was located in Laurens County. Consequently, had trial counsel raised the question of venue on the statutory rape charge, denial of the motion for a directed verdict would have been proper. The failure to raise a meritless motion for a directed verdict, as a matter of law, is no ineffective assistance of counsel.

McCoy, 629 S.E.2d at 497 (citing Williams v. State, 608 S.E.2d 310 (2004)).

Petitioner provides no basis, and the Court is aware of none, upon which to conclude that the reasoning of the Court of Appeals of Georgia was contrary to or an unreasonable application of clearly established federal law. Furthermore, the Court must presume and accept the correctness of the findings of the Court of Appeals of Georgia, which is supported by the trial transcript, because Petitioner has failed to submit any evidence, let alone clear and convincing, to rebut these factual findings.

12

Consequently, Petitioner fails to demonstrate that her case was prejudiced by trial counsel's failure to move for a directed verdict.

2.  **Failure to Request Curative Instruction**

Next, the Court addresses Petitioner's claim that her trial counsel failed to request a curative instruction following a statement made by a prospective juror during jury selection. Petitioner maintains that "the trail [sic] was harm[ed] and [the jury] would have come back with a different resul[t] if the prospective juror ha[d] not made the comm[ent] in front of all three panels." (Doc. no. 6, p. 3). At Petitioner's state-court trial, Mr. Carter (Juror #3), stated, "If Brad is involved in this case, I think I would need to be excused. I would believe whatever he says,"[5] in response to the trial judge's question concerning any opinions of Petitioner's guilt or innocence formed by jurors. (Doc. no. 12, Ex. 2, p. 5). Thereafter, outside of the presence of the prospective jury panel, the trial judge and counsel questioned Mr. Carter concerning his statement. (Id., Ex. 2, pp. 12-13). Ultimately, at the request of Petitioner's counsel, the trial judge excused Mr. Carter from the jury panel for cause. (Id., Ex. 2, p. 14). Affirming the conviction, the Court of Appeals of Georgia reasoned:

> The prospective juror was later questioned outside the presence of the other jurors, and, at the request of [Petitioner's] counsel, the prospective juror was excused for cause by the trial court. Pretermitting the question whether trial

---

[5]Outside the presence of the jury, the state-court held a Jackson-Denno hearing. (Doc. no. 12, Ex. 2, pp. 212-15). During that hearing, Mr. Brad Mucher, an investigator employed by the Laurens County Sheriff's Department, testified about statements Petitioner made after her arrest concerning the crimes forming the basis of the indictment resulting in Petitioner's convictions. (Id.).

13

counsel should have moved for a curative instruction, we hold that the evidence supported the trial court's conclusion that no harm resulted from the prospective juror's comment.

> The comment was not made about [Petitioner], but about an individual whose only testimony was at a hearing outside the presence of the jury. Moreover, at counsel's request, the juror was excused for cause. Evidence supported the trial court's conclusion that counsel's failure to request a curative instruction did not prejudice [Petitioner's] defense.

McCoy, 629 S.E.2d at 496-97 (citing Barner v. State, 434 S.E.2d 484 (Ga. 1993)).

Again, Petitioner provides no evidence to contradict the findings of the Georgia Court of Appeals, which is supported by the trial transcript. Furthermore, Petitioner provides no argument, let alone evidence, suggesting that the Court of Appeals of Georgia unreasonably applied Strickland to the facts of this case. Simply put, Petitioner fails to explain how the failure to request a curative instruction, concerning a statement made about a witness who merely testified outside the presence of the jury, prejudiced her case, and thus, Petitioner is not entitled to relief based upon this claim.

### 3.     Failure to Prepare for Trial, Call or Investigate Witnesses

Finally, the Court addresses Petitioner's claims that her trial counsel failed to sufficiently prepare for trial, failed to call certain witnesses, and failed to sufficiently investigate certain witnesses. Presumably, Petitioner argues, but for these failures, there is a reasonable probability that she would not have been convicted. However, these claims fail because they are conclusory. Furthermore, because Petitioner's trial counsel did not testify at the state-court's hearing concerning Petitioner's motion for a new trial, McCoy, 629 S.E.2d at 497, it is

difficult to ascertain how Petitioner's trial counsel prepared for trial, decided upon what witnesses to call or how much to investigate. Nevertheless, upon review of trial counsel's performance, the Court of Appeals of Georgia concluded,

> Despite [Petitioner's] claim that her trial counsel should have called additional character witnesses, trial counsel did not testify at the motion for new trial and may have determined that such witnesses would detract from the character-related testimony offered at trial by [Petitioner's] pastor. We will not second-guess trial counsel's strategy and tactics, as such matters 'do not equate with ineffective assistance.'

Id. (internal citations omitted).

Again, although Petitioner reasserts her appellate arguments, she fails to explain how the Court of Appeals of Georgia unreasonably applied Strickland to the facts of her case. Furthermore, Petitioner offers no evidence, let alone clear and convincing, to contradict the finding of the Court of Appeals of Georgia that these alleged failures amount to strategic decisions. Indeed, trial counsel's strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. Simply put, nothing in the record indicates that trial counsel failed to adequately prepare for trial or that, but for trial counsel's failure to call or investigate certain witnesses, there is a reasonable probability that Petitioner would not have been convicted. Accordingly, Petitioner has identified no constitutional error.

In sum, the record provides no indication that Petitioner's trial counsel's performance was deficient. Furthermore, the record does not suggest that, but for trial counsel's errors, there is a reasonable probability that Petitioner would not have

been convicted. Therefore, Petitioner's generalized complaints about her trial counsel's preparation and performance fall far short of demonstrating ineffective assistance of appellate counsel.

### IV. CONCLUSION

In sum, all of Petitioner's asserted grounds for relief either fail to state a claim for federal habeas relief or lack merit. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the above-captioned petition be **DENIED**, that this civil action be **CLOSED**, and that a judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 21st day of April, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE